```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/23/2022

VIENGKEO KEOPHOMMASANE,

        Plaintiff,

-against-

ROBIN CARNAHAN, ADMINISTRATOR, GENERAL SERVICES ADMINISTRATION, and SHARI MAUNEY, ASSISTANT GENERAL COUNSEL,

        Defendants.

22 Civ. 743 (AT)

VIENGKEO KEOPHOMMASANE,

        Plaintiff,

-against-

ROBIN CARNAHAN, ADMINISTRATOR, GENERAL SERVICES ADMINISTRATION, and SHARI MAUNEY, ASSISTANT GENERAL COUNSEL

        Defendant.

22 Civ. 745 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      On February 7, 2022, the Court notified the parties that it intended to consolidate the above-captioned actions and directed the parties to file any opposition to consolidation. *See* 22 Civ. 743, ECF No. 4; 22 Civ. 745, ECF No. 4. On February 14, 2022, Plaintiff filed a letter in both cases opposing consolidation because the actions allege that Defendants discriminated against her under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 200e *et seq.*, and the Age Discrimination in Employment Act of 1967 (the "ADEA"), 29 U.S.C. §§ 621 *et seq.* by failing to promote her "on two separate occasions under two separate job announcements." *E.g.*, 22 Civ. 743, ECF No. 5 at 1. Plaintiff also asserts that different individuals were involved in the promotion denials. *Id.* at 3.

Courts can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*. *Devlin v. Transportation Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). Consolidation is appropriate when actions pending before the court "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Courts consider consolidation "a valuable and important tool of judicial administration," and often invoke consolidation to "eliminate unnecessary repetition and confusion." *Devlin*, 175 F.3d at 130 (quotation marks and citations omitted). Courts assessing whether consolidation is appropriate "consider both equity and judicial economy." *Id*.

Here, the Court determines that consolidation is appropriate. In each action, Plaintiff brings the same claims—failure to promote claims under Title VII and the ADEA—against the same defendants. *See*, *generally*, 22 Civ. 743, ECF No. 1; 22 Civ. 745, ECF No. 1. The actions involve common questions of law and will likely involve some common questions of fact. *See Alali v. DeBara*, No. 07 Civ. 2916, 2008 WL 11517814, at *1–2 (S.D.N.Y. Sept. 17, 2008). Although Plaintiff contends that consolidation will somehow "limit the scope" of discovery and prevent her from "build[ing] a solid argument for either case," *e.g.*, 22 Civ. 743, ECF No. 5 at 1, she does not explain why consolidation would have this effect. Indeed, the Court finds that consolidation shall not prevent Plaintiff from fully litigating both of her claims. The Court further finds that consolidation shall avoid unnecessary cost, delay, and repetition.

Accordingly, the two captioned cases are CONSOLIDATED for all purposes pursuant to Federal Rule of Civil Procedure 42(a). The Clerk of Court is directed to consolidate the actions with 22 Civ. 743 as the lead case.

SO ORDERED.

Dated: February 23, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge